## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ROBERT D. HINES, ESQ,**
**as Personal Representative**
**of the Estate of Zha'Corbe Ky'Breun Reaves,**

      **Plaintiff,**

                                **CASE NO.: 4:23-cv-509**

**v.**

**VALERIE JONES,**
**Individually;**
**SGT. CHRISTOPHER DILLE,**
**Individually;**
**DETENTION DEPUTY**
**TYLER WIMBERLY,**
**Individually;**
**CORPORAL KARA ENGLISH,**
**Individually;**
**DETENTION DEPUTY**
**LANCE LAMB,**
**Individually;**
**DETENTION DEPUTY**
**WILLIAM CRUCE,**
**Individually;**
**CAPTAIN MARK STEPHENS,**
**Individually;**
**LT. CHRISANN COOK,**
**Individually;**
**UNNAMED DETENTION DEPUTIES,**
**Individually;**
**SHERIFF WAYNE PADGETT,**
**Official Capacity;**

      **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of Zha'Corbe Ky'Breun Reaves, by and through the undersigned attorney, hereby files this complaint and demand for jury trial against Defendants, VALERIE JONES, SGT. CHRISTOPHER DILLE, DETENTION DEPUTY TYLER WIMBERLY, CORPORAL KARA ENGLISH, DETENTION DEPUTY LANCE LAMB, DETENTION DEPUTY WILLIAM CRUCE, CAPTAIN MARK STEPHENS, LT. CHRISANN COOK, UNNAMED DETENTION DEPUTIES and SHERIFF WAYNE PADGETT, and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and Florida wrongful death law.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule 72.1.

3.      This is an action under the Florida Wrongful Death Act, *Fla. Stat. §§ 768.16 – 768.27*.

4.      Venue is proper in this district because it is where the events complained of occurred.

5. This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

6. Plaintiff has filed a timely Notice of Claim with Defendants as well as the Department of Financial Services pursuant to Section 768.28, Florida Statutes, sent September 1, 2023, via certified mail, regarding Plaintiff's state tort claims against Defendants. Defendants have failed to respond to the claim.

7. Defendant, SHERIFF PADGETT, has waived its sovereign immunity by virtue of Section 768.28, Florida Statutes.

8. The incident that gives rise to this action occurred in Taylor County, Florida.

## **PARTIES**

9. At all times material to this action, Plaintiff, ROBERT D. HINES, ESQ., has been duly appointed as the Personal Representative of the Estate of Zha'Corbe Ky'Breun Reaves, who died as a result of the actions of Defendants. Zha'Corbe Ky'Breun Reaves's date of birth is September 17, 2000, and date of death is October 26, 2021.

10. The survivors of Zha'Corbe Ky'Breun Reaves as defined in the Florida Wrongful Death Act, Fla. Stat. section 768.16 et. seq., and the relationships to the decedent which are being presented by the Personal Representative include:

      i. The Estate of Zha'Corbe Ky'Breun Reaves, deceased;

    ii.  ZR, Minor Child of Zha'Corbe Reaves

    iii.  Christopher Reaves, Father

    iv.  Andrika Dixon, Mother

11.    At the time of his death, the Decedent, Zha'Corbe Ky'Breun Reaves, was 21 years of age.

12.    Defendant, VALERIE JONES, was at all times relevant to this Complaint duly appointed and acting as the main pod controller at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, VALERIE JONES, is sued in her individual capacity.

13.    Defendant, SGT. CHRISTOPHER DILLE, was at all times relevant to this Complaint duly appointed and acting as a Sergeant at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, SGT. CHRISTOPHER DILLE, is sued in his individual capacity.

14.    Defendant, DETENTION DEPUTY TYLER WIMBERLY, was at all times relevant to this Complaint duly appointed and acting as a Detention Deputy at the Taylor County Jail, acting under color of law, to wit, under color of statutes,

ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, DETENTION DEPUTY TYLER WIMBERLY, is sued in his individual capacity.

15.     Defendant, CORPORAL KARA ENGLISH, was at all times relevant to this Complaint duly appointed and acting as a Corporal at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, CORPORAL KARA ENGLISH, is sued in her individual capacity.

16.     Defendant, DETENTION DEPUTY LANCE LAMB, was at all times relevant to this Complaint duly appointed and acting as a Detention Deputy at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, DETENTION DEPUTY LANCE LAMB, is sued in his individual capacity.

17.     Defendant, DETENTION DEPUTY WILLIAM CRUCE, was at all times relevant to this Complaint duly appointed and acting as a Detention Deputy at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or

the Taylor County Sheriff's Department. Defendant, DETENTION DEPUTY WILLIAM CRUCE, is sued in his individual capacity.

18.    Defendant, CAPTAIN MARK STEPHENS, was at all times relevant to this Complaint duly appointed and acting as a Captain at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, CAPTAIN MARK STEPHENS, is sued in his individual capacity.

19.    Defendant, LT. CHRISANN COOK, was at all times relevant to this Complaint duly appointed and acting as a Lieutenant at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, LT. CHRISANN COOK, is sued in her individual capacity.

20.    Defendant, UNNAMED DETENTION DEPUTIES, were at all times relevant to this Complaint duly appointed and acting as Detention Deputies at the Taylor County Jail, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Taylor County Sheriff's Department. Defendant, UNNAMED DETENTION DEPUTIES, are sued in their individual capacity.

21.     Defendant, SHERIFF PADGETT, is the elected Sheriff of the Taylor County Sheriff's Office. Defendant, SHERIFF PADGETT, is in charge of the day-to-day operations of the Taylor County Sheriff's Office and Taylor County Jail and is responsible for setting policy for the Office. Defendant, SHERIFF PADGETT, is ultimately responsible for the protection and safety of the individuals who are in his custody.  Defendant, SHERIFF PADGETT, and the Taylor County Sheriff's Office received federal funds.

22.     Defendant, SHERIFF PADGETT, by and through its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the Taylor County and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  Defendant, SHERIFF PADGETT, does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28. Defendant, SHERIFF PADGETT, is being sued in his official capacity as Sheriff of the Taylor County Sheriff's Office.

23.     Each and all of the acts of the Defendants and other members of the Taylor County Sheriff's Department involved in this incident were performed

under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and Taylor County, under the color of law and by virtue of their authority as law enforcement officers for the Defendant, SHERIFF PADGETT. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of the decedent's federally protected rights and state law rights, as more particularized herein.

24.     The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## STATEMENT OF FACTS

25.     On October 26, 2021, while in the custody of the Taylor County Sheriff's Department, Mr. Reaves hung himself.

26.     Mr. Reaves was in close observation at the time of his death. Close Observation requires 15-minute checks by guards or medical personnel to ensure the safety of the inmates.

27.     The Defendants failed to conduct meaningful welfare checks when they were fully aware of Mr. Reaves' need for close monitoring. His actions leading up to his death put the Sheriff's Office on notice that Mr. Reaves was a suicide risk and needed to be closely monitored.

28.     Taylor County Sheriff's Department was on clear notice of Mr. Reaves severe mental health issues based on the following:

   a. 4/21/21 Marchman Act
   b. 6/21/21 Marchman Act
   c. 9/4/21 Mr. Reaves requested mental health services
   d. 9/4/21 taken to Doctors Memorial Hospital with noted altered mental status;
   e. 9/5/21 Mr. Reaves was standing at a wall looking at the wall not moving. CO Faircloth, CO Harris and CO Gulbrandsen moved Mr. Reaves to booking to keep an eye on him
   f. 9/6/21 Close Observation ordered by Sgt. James
   g. 9/30/21 Medical records note "needs to be seen asap"
   h. Two Interviews with Apalachee Mental Health where he refused to communicate
   i. At the time of his death, the cell appeared to be in a state of disarray. There was food scattered on the floor, in the windowsill, as well as on the bed. There were open uneaten food packets, food spilled all over the floor and small table, a plastic container turned upside down (empty), and clothing. The floor was sticky and unclean.

29.     Fellow inmates, including Allen Griffin, Corey Griffin, Romey Kidd, Jeremy McGrew, William Cruce and Beyah Basha all stated Mr. Reaves had obvious mental health issues. They were concerned for his mental status leading up to his untimely death and consistently expressed their concerns to jail staff.

30.     As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection, and for mental pain and suffering from

the date of injury, medical expenses, funeral expenses, and other expenses related

to the burial of Mr. Reaves and the administration of his Estate.

## COUNT I
## 42 U.S. 1983 –DELIBERATE INDIFFERENCE
## VALERIE JONES

31.    The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

32.    Defendant, VALERIE JONES, the main POD Controller, was in the

controller room at the time of the incident. She is responsible for opening and

closing the POD door. She is able to see inside the POD, as well as who is entering

and leaving the POD where Mr. Reaves was housed.

33.    Defendant, VALERIE JONES, knew of Mr. Reaves' need for mental

health attention and oversight due to Mr. Reaves' documented behavior leading up

to his suicide.

34.    Despite the obvious need for medical attention and oversight,

Defendant willfully and intentionally disregarded this information in order to

deprive Mr. Reaves of his substantive and procedural rights without due process of

law. Mr. Reaves had blatant, obvious, and profound medical needs.

35.    Defendant, VALERIE JONES, had knowledge of Mr. Reaves's

serious and obvious medical needs and with deliberate indifference to such medical

needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary

and adequate medical care, thereby endangering Mr. Reaves's health and well-

being and causing his death. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

36.     Defendant, VALERIE JONES's, constitutional failures include but are not limited to:

> a. Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to assuring that staff was conducting adequate 15-minute checks;
>
> b. Failure to render medical care for an obvious existing medical condition;
>
> c. Failure to timely summon medical care for an obvious medical condition;

37.     The actions and/or lack of actions taken by Defendant, VALERIE JONES, shock the conscience.

38.     As a direct and proximate result of the conduct of Defendant, VALERIE JONES, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT II**
**42 U.S. 1983 –DELIBERATE INDIFFERENCE**
**SGT. CHRISTOPHER DILLE**

39.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

40.     Defendant, SGT. CHRISTOPHER DILLE, was in the main control room at the time of the incident. Defendant, SGT. CHRISTOPHER DILLE, had prior interaction with Mr. Reaves and noted that when he attempted to speak with Mr. Reaves he was very incoherent and did not make any sense.

41.     Defendant, SGT. CHRISTOPHER DILLE, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

42.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious, and profound medical needs.

43.     Defendant, SGT. CHRISTOPHER DILLE, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions of the Defendant

violated the rights secured by the Fourteenth Amendment of the United States Constitution.

44.     Defendant, SGT. CHRISTOPHER DILLE's, constitutional failures include but are not limited to:

      a.   Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks;

      b.   Failure to render medical care for an obvious existing medical condition;

      c.   Failure to timely summon medical care for an obvious medical condition;

45.     The actions and/or lack of actions taken by Defendant, SGT. CHRISTOPHER DILLE, shock the conscience.

46.     As a direct and proximate result of the conduct of Defendant, SGT. CHRISTOPHER DILLE, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT III**
**42 U.S. 1983 –DELIBERATE INDIFFERENCE**
**DETENTION DEPUTY TYLER WIMBERLY**

47.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

48.     Defendant, DETENTION DEPUTY TYLER WIMBERLY, was in the main control room at the time of the incident. Defendant, DETENTION DEPUTY TYLER WIMBERLY, had prior interaction with Mr. Reaves and noted that when he attempted to speak with Mr. Reaves he was very incoherent and did not make any sense. Defendant, DETENTION DEPUTY TYLER WIMBERLY, was responsible for the 15-minute welfare checks of Mr. Reaves.

49.     Defendant, DETENTION DEPUTY TYLER WIMBERLY, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

50.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

51.     Defendant, DETENTION DEPUTY TYLER WIMBERLY, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering

Mr. Reaves's health and well-being and causing his death. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

52.   Defendant, DETENTION DEPUTY TYLER WIMBERLY's, constitutional failures include but are not limited to:

   a.   Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks (more specifically, not removing the means to hang himself from the cell; not paying attention to obvious warning signs of a mental break; not assuring wellness during checks; not calling in for additional resources etc.)

   b.   Failure to render medical care for an obvious existing medical condition;

   c.   Failure to timely summon medical care for an obvious medical condition;

53.   The actions and/or lack of actions taken by Defendant, DETENTION DEPUTY TYLER WIMBERLY, shock the conscience.

54.   As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY TYLER WIMBERLY, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's

companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT IV
## 42 U.S. 1983 –DELIBERATE INDIFFERENCE
## CORPORAL KARA ENGLISH

55.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

56.     Defendant, CORPORAL KARA ENGLISH, was in Booking at the time of the incident. Defendant, CORORAL KARA ENGLISH, had contact and communication with Mr. Reaves on the date of his death.

57.     Defendant, CORPORAL KARA ENGLISH, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

58.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious, and profound medical needs.

59.     Defendant, CORPORAL KARA ENGLISH, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health

and well-being and causing his death. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

60.    Defendant, CORPORAL KARA ENGLISH's, constitutional failures include but are not limited to:

    a.  Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks;

    b.  Failure to render medical care for an obvious existing medical condition;

    c.  Failure to timely summon medical care for an obvious medical condition;

61.    The actions and/or lack of actions taken by Defendant, CORPORAL KARA ENGLISH, shock the conscience.

62.    As a direct and proximate result of the conduct of Defendant, CORPORAL KARA ENGLISH, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical

expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT V
## 42 U.S. 1983 –DELIBERATE INDIFFERENCE
## DETENTION DEPUTY LANCE LAMB

63.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

64.     Defendant, DETENTION DEPUTY LANCE LAMB, was in Booking at the time of the incident. Defendant, DETENTION DEPUTY LANCE LAMB, was responsible for the 15-minute welfare checks of Mr. Reaves.

65.     Defendant, DETENTION DEPUTY LANCE LAMB, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

66.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

67.     Defendant, DETENTION DEPUTY LANCE LAMB, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions

of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

68.     Defendant, DETENTION DEPUTY LANCE LAMB's, constitutional failures include but are not limited to:

    a. Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks  (more specifically, not removing the means to hang himself from the cell; not paying attention to obvious warning signs of a mental break; not assuring wellness during checks; not calling in for additional resources etc.)

    b. Failure to render medical care for an obvious existing medical condition;

    c. Failure to timely summon medical care for an obvious medical condition;

69.     The actions and/or lack of actions taken by Defendant, DETENTION DEPUTY LANCE LAMB, shock the conscience.

70.     As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY LANCE LAMB, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical

expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT VI**
**42 U.S. 1983 –DELIBERATE INDIFFERENCE**
**DETENTION DEPUTY WILLIAM CRUCE**

71.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

72.     Defendant, DETENTION DEPUTY WILLIAM CRUCE, was responsible for the 15-minute welfare checks of Mr. Reaves.

73.     Defendant, DETENTION DEPUTY WILLIAM CRUCE, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

74.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

75.     Defendant, DETENTION DEPUTY WILLIAM CRUCE, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions

of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

76.     Defendant,    DETENTION    DEPUTY    WILLIAM    CRUCE's, constitutional failures include but are not limited to:

      a. Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks   (more specifically, not removing the means to hang himself from the cell; not paying attention to obvious warning signs of a mental break; not assuring wellness during checks; not calling in for additional resources etc.)

      b. Failure to render medical care for an obvious existing medical condition;

      c. Failure to timely summon medical care for an obvious medical condition;

77.     The actions and/or lack of actions taken by Defendant, DETENTION DEPUTY WILLIAM CRUCE, shock the conscience.

78.     As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY WILLIAM CRUCE, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical

expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT VII
## 42 U.S. 1983 –DELIBERATE INDIFFERENCE
## CAPTAIN MARK STEPHENS

79.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

80.     Defendant, CAPT. MARK STEPHENS, was the supervisor in charge of Close Observation. He had prior interaction with Mr. Reaves and his family, who advised him of their concerns for Mr. Reaves' wellbeing.

81.     Defendant, CAPT. MARK STEPHENS, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

82.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

83.     Defendant, CAPT. MARK STEPHENS, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions of the Defendant

violated the rights secured by the Fourteenth Amendment of the United States Constitution.

84.     Defendant, CAPT. MARK STEPHENS's, constitutional failures include but are not limited to:

> a. Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks;
>
> b. Failure to render medical care for an obvious existing medical condition;
>
> c. Failure to timely summon medical care for an obvious medical condition;

85.     The actions and/or lack of actions taken by Defendant, CAPT. MARK STEPHENS, shock the conscience.

86.     As a direct and proximate result of the conduct of Defendant, CAPT. MARK STEPHENS, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT VIII
## 42 U.S. 1983 –DELIBERATE INDIFFERENCE
## LT. CHRISANN COOK

87.     The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

88.     Defendant, LT. CHRISANN COOK, was the supervisor in charge of Close Observation. He had prior interaction with Mr. Reaves and his family, who advised him of their concerns for Mr. Reaves' wellbeing.

89.     Defendant, LT. CHRISANN COOK, knew of Mr. Reaves' need for mental health attention and oversight due to Mr. Reaves' documented behavior leading up to his suicide.

90.     Despite the obvious need for medical attention and oversight, Defendant willfully and intentionally disregarded this information in order to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

91.     Defendant, LT. CHRISANN COOK, had knowledge of Mr. Reaves's serious and obvious medical needs and with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions of the Defendant violated the rights secured by the Fourteenth Amendment of the United States Constitution.

92.    Defendant, LT. CHRISANN COOK's, constitutional failures include but are not limited to:

      d.    Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks;

      e.    Failure to render medical care for an obvious existing medical condition;

      f.    Failure to timely summon medical care for an obvious medical condition;

93.    The actions and/or lack of actions taken by Defendant, LT. CHRISANN COOK, shock the conscience.

94.    As a direct and proximate result of the conduct of Defendant, LT. CHRISANN COOK, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT IX**
**42 U.S. 1983 –DELIBERATE INDIFFERENCE**
**UNNAMED DETENTION DEPUTIES**

95.    The Plaintiff avers and re-alleges paragraphs 1-30 and further states:

96.    Defendants,  UNNAMED  DETENTION  DEPUTIES,  were responsible  for  the  15-minute  welfare  checks  of  Mr. Reaves.    Some  of  these defendants are identified by initials on the attached Observation Logs (Exhibit A: Close  Observation  Logs,  Exhibit  B:  C  POD  Logs  and  Exhibit  C:  Main  Control Logs) which reveals numerous persons to be identified through discovery that were involved  in  the  process  designed  to  keep  Mr. Reaves  safe  but  which  failed miserably.

97.    Defendants, UNNAMED DETENTION DEPUTIES, knew of Mr. Reaves'  need  for  mental  health  attention  and  oversight  due  to  Mr. Reaves' documented behavior leading up to his suicide.

98.    Despite  the  obvious  need  for  medical  attention  and  oversight, Defendants  willfully  and  intentionally  disregarded  this  information  in  order  to deprive Mr. Reaves of his substantive and procedural rights without due process of law. Mr. Reaves had blatant, obvious and profound medical needs.

99.    Defendants, UNNAMED DETENTION DEPUTIES, had knowledge of  Mr. Reaves's  serious  and  obvious  medical  needs  and  with  deliberate indifference  to  such  medical  needs,  acted  or  failed  to  act  in  such  a  way  as  to

deprive Mr. Reaves of necessary and adequate medical care, thereby endangering Mr. Reaves's health and well-being and causing his death. Such acts and omissions of the Defendants violated the rights secured by the Fourteenth Amendment of the United States Constitution.

100. Defendants, UNNAMED DETENTION DEPUTIES, constitutional failures include but are not limited to:

      d. Failing to follow appropriate policies and procedures for inmates who are placed on suicide watch including but not limited to conducting inadequate, perfunctory, and deminimus 15-minute checks;

      e. Failure to render medical care for an obvious existing medical condition;

      f. Failure to timely summon medical care for an obvious medical condition;

101. The actions and/or lack of actions taken by Defendants, UNNAMED DETENTION DEPUTIES, shock the conscience.

102. As a direct and proximate result of the conduct of Defendants, UNNAMED DETENTION DEPUTIES, Mr. Reaves died. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical

expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT X
## SECTION 1983 - FAILURE TO PROTECT
## VALERIE JONES

103.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

104.   Defendant, VALERIE JONES, in failing to prevent Mr. Reaves from committing suicide, when she was in a time and place when she could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

105.   Defendant, VALERIE JONES, was present in the jail and had the ability to observe Mr. Reaves inside his cell.

106.   Defendant, VALERIE JONES, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions.

107.   Defendant, VALERIE JONES, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. She had a duty to emphasize and ensure that Defendants were completing thorough and meaningful checks of Mr. Reaves.

108.   Defendant, VALERIE JONES, knew or should have known the Defendants were not completing thorough and meaningful checks of Mr. Reaves.

109.   As a direct and proximate result of the conduct of Defendant, VALERIE JONES, Mr. Reaves died.

110.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

### COUNT XI
### SECTION 1983 - FAILURE TO PROTECT
### SGT. CHRISTOPHER DILLE

111.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

112.   Defendant, SGT. CHRISTOPHER DILLE, in failing to prevent Mr. Reaves from committing suicide, when he was in a time and place when he could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

113.   Defendant, SGT. CHRISTOPHER DILLE, was present in the jail and had the ability to observe Mr. Reaves inside his cell.

114.   Defendant, SGT. CHRISTOPHER DILLE, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions and contact with Mr. Reaves.

115.   Defendant, SGT. CHRISTOPHER DILLE, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. He had a duty to emphasize and ensure that Defendants were completing thorough and meaningful checks of Mr. Reaves.

116.   Defendant, SGT. CHRISTOPHER DILLE, knew or should have known the Defendants were not completing thorough and meaningful checks of Mr. Reaves.

117.   As a direct and proximate result of the conduct of Defendant, SGT. CHRISTOPHER DILLE, Mr. Reaves died.

118.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XII
## SECTION 1983 - FAILURE TO PROTECT
## DETENTION DEPUTY TYLER WIMBERLY

119.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

120.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, in failing to prevent Mr. Reaves from committing suicide, when he was in a time and place when he could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

121.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, was present in the jail and had the ability to observe Mr. Reaves inside his cell. Defendant, DETENTION DEPUTY TYLER WIMBERLY, was responsible for the 15-minute checks of Mr. Reaves.

122.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions and given Defendant's direct observations and knowledge regarding Mr. Reaves.

123.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. He had a duty to emphasize and ensure that Defendants, including himself, were completing thorough and meaningful checks of Mr. Reaves.

124.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, knew or should have known the Defendants, including himself, were not completing thorough and meaningful checks of Mr. Reaves.

125.   As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY TYLER WIMBERLY, Mr. Reaves died.

126.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XIII
## SECTION 1983 - FAILURE TO PROTECT
## CORPORAL KARA ENGLISH

127.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

128.   Defendant, CORPORAL KARA ENGLISH, in failing to prevent Mr. Reaves from committing suicide, when she was in a time and place when she could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

129.   Defendant, CORPORAL KARA ENGLISH, was present in the jail and had the ability to observe Mr. Reaves inside his cell. Defendant, CORPORAL KARA ENGLISH, was responsible for the 15-minute checks of Mr. Reaves.

130.   Defendant, CORPORAL KARA ENGLISH, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions and given Defendant's direct observations and knowledge regarding Mr. Reaves.

131.   Defendant, CORPORAL KARA ENGLISH, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. She had a duty to emphasize and ensure that Defendants, including herself, were completing thorough and meaningful checks of Mr. Reaves.

132.   Defendant, CORPORAL KARA ENGLISH, knew or should have known the Defendants, including herself, were not completing thorough and meaningful checks of Mr. Reaves.

133.   As a direct and proximate result of the conduct of Defendant, CORPORAL KARA ENGLISH, Mr. Reaves died.

134.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the

decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XIV
## SECTION 1983 - FAILURE TO PROTECT
## DETENTION DEPUTY LANCE LAMB

135.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

136.   Defendant, DETENTION DEPUTY LANCE LAMB, in failing to prevent Mr. Reaves from committing suicide, when he was in a time and place when he could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

137.   Defendant, DETENTION DEPUTY LANCE LAMB, was present in the jail and had the ability to observe Mr. Reaves inside his cell. Defendant, DETENTION DEPUTY LANCE LAMB, was responsible for the 15-minute checks of Mr. Reaves.

138.   Defendant, DETENTION DEPUTY LANCE LAMB, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions and given Defendant's direct observations and knowledge regarding Mr. Reaves.

139.   Defendant, DETENTION DEPUTY LANCE LAMB, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. He had a duty to emphasize and ensure that Defendants, including himself, were completing thorough and meaningful checks of Mr. Reaves.

140.   Defendant, DETENTION DEPUTY LANCE LAMB, knew or should have known the Defendants, including himself, were not completing thorough and meaningful checks of Mr. Reaves.

141.   As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY LANCE LAMB, Mr. Reaves died.

142.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XV
## SECTION 1983 - FAILURE TO PROTECT
## DETENTION DEPUTY WILLIAM CRUCE

143.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

144.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, in failing to prevent Mr. Reaves from committing suicide, when he was in a time and place when he could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

145.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, was present in the jail and had the ability to observe Mr. Reaves inside his cell. Defendant, DETENTION DEPUTY WILLIAM CRUCE, was responsible for the 15-minute checks of Mr. Reaves.

146.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions and given Defendant's direct observations and knowledge regarding Mr. Reaves.

147.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. He had a duty to emphasize and ensure that Defendants, including himself, were completing thorough and meaningful checks of Mr. Reaves.

148.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, knew or should have known the Defendants, including himself, were not completing thorough and meaningful checks of Mr. Reaves.

149.   As a direct and proximate result of the conduct of Defendant, DETENTION DEPUTY WILLIAM CRUCE, Mr. Reaves died.

150.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XVI
## SECTION 1983 - FAILURE TO PROTECT
## CAPTAIN MARK STEPHENS

151.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

152.   Defendant, CAPTAIN MARK STEPHENS, in failing to prevent Mr. Reaves from committing suicide, when she was in a time and place when he could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

153.   Defendant, CAPTAIN MARK STEPHENS, was present in the jail and had the ability to observe Mr. Reaves inside his cell.

154. Defendant, CAPTAIN MARK STEPHENS, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions.

155. Defendant, CAPTAIN MARK STEPHENS, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. He had a duty to emphasize and ensure that Defendants were completing thorough and meaningful checks of Mr. Reaves.

156. Defendant, CAPTAIN MARK STEPHENS, knew or should have known the Defendants were not completing thorough and meaningful checks of Mr. Reaves.

157. As a direct and proximate result of the conduct of Defendant, CAPTAIN MARK STEPHENS, Mr. Reaves died.

158. As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XVII
## SECTION 1983 - FAILURE TO PROTECT
## LT. CHRISANN COOK

159.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

160.   Defendant, LT. CHRISANN COOK, in failing to prevent Mr. Reaves from committing suicide, when she was in a time and place when she could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

161.   Defendant, LT. CHRISANN COOK, was present in the jail and had the ability to observe Mr. Reaves inside his cell.

162.   Defendant, LT. CHRISANN COOK, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on his prior actions.

163.   Defendant, LT. CHRISANN COOK, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. She had a duty to emphasize and ensure that Defendants were completing thorough and meaningful checks of Mr. Reaves.

164.   Defendant, LT. CHRISANN COOK, knew or should have known the Defendants were not completing thorough and meaningful checks of Mr. Reaves.

165.   As a direct and proximate result of the conduct of Defendant, LT. CHRISANN COOK, Mr. Reaves died.

166.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XVIII**
**SECTION 1983 - FAILURE TO PROTECT**
**UNNAMED DETENTION DEPUTIES**

167.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

168.   Defendants, UNNAMED DETENTION DEPUTIES, in failing to prevent Mr. Reaves from committing suicide, when they were in a time and place when they could have done so, deprived Mr. Reaves of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

169.   Defendants, UNNAMED DETENTION DEPUTIES, were present in the jail and had the ability to observe Mr. Reaves inside his cell. Defendants, UNNAMED DETENTION DEPUTIES, were responsible for the 15-minute checks of Mr. Reaves. Defendants, UNNAMED DETENTION DEPUTIES, were responsible for the 15-minute welfare checks of Mr. Reaves.  Some of these

defendants are identified by initials on the attached Observation Logs (Exhibit A: Close Observation Logs, Exhibit B: C POD Logs and Exhibit C: Main Control Logs) which reveals numerous persons to be identified through discovery that were involved in the process designed to keep Mr. Reaves safe but which failed miserably.

170.   Defendants, UNNAMED DETENTION DEPUTIES, knew or should have known, Mr. Reaves posed a substantial risk of harm to himself based on their prior actions and given Defendants' direct observations and knowledge regarding Mr. Reaves.

171.   Defendants, UNNAMED DETENTION DEPUTIES, knew of Mr. Reaves' abnormal behavior in the days leading up to his death, including the day of his death. They had a duty to emphasize and ensure that Defendants, including themselves, were completing thorough and meaningful checks of Mr. Reaves.

172.   Defendants, UNNAMED DETENTION DEPUTIES, knew or should have known the Defendants, including themselves, were not completing thorough and meaningful checks of Mr. Reaves.

173.   As a direct and proximate result of the conduct of Defendants, UNNAMED DETENTION DEPUTIES, Mr. Reaves died.

174.   As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services

from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XIX**
**SECTION 1983 – MONELL LIABILITY**
**SHERIFF PADGETT**

175.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 30.

176.   The Sheriff's Department has a custom and practice of documenting 15-minute observations, but not in fact observing the inmates to ensure their well-being and safety.

177.   The Sheriff's Department has a custom of failing to properly observe inmates to prevent injury or death.

178.   This pervasive and longstanding practice has the force of law.

179.   As a result of this custom and practice, jail suicides occurred at the Taylor County Jail prior to Mr. Reaves' death.

180.   As a result of these customs and practices, Plaintiff suffered constitutional injuries.

181.    The Sheriff was aware of the customs and practices and was deliberately indifferent to the obvious constitutional violation.

182.    As a result of Mr. Reaves' wrongful death, his family has suffered damages, including but not limited to, the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## STATE LAW CLAIMS

### COUNT XX
### WRONGFUL DEATH
### SHERIFF PADGETT
### (for actions of VALERIE JONES)

183.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

184.    Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

185.   Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

186.   Defendant, VALERIE JONES, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of her employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, VALERIE JONES.

187.   Defendant, VALERIE JONES, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health, well-being, and safety.

188.   Defendant, VALERIE JONES, breached this duty in the following ways:

a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;

b.  Negligent failure to recognize suicide risk.

189.   The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

190.   Defendant, VALERIE JONES'S, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

191.   As a further direct and proximate result of Defendant, VALERIE JONES, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

192.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

### COUNT XXI
### WRONGFUL DEATH
### SHERIFF PADGETT
### (for actions of SGT. CHRISTOPHER DILLE)

193.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

194.   Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

195.   Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

196.   Defendant, SGT. CHRISTOPHER DILLE, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of his employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, SGT. CHRISTOPHER DILLE.

197.   Defendant, SGT. CHRISTOPHER DILLE, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

198.   Defendant, SGT. CHRISTOPHER DILLE, breached this duty in the following ways:

    a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;

b.  Negligent failure to recognize suicide risk.

199.   The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

200.   Defendant, SGT. CHRISTOPHER DILLE'S, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

201.   As a further direct and proximate result of Defendant, SGT. CHRISTOPHER DILLE, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

202.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XXII
## WRONGFUL DEATH
## SHERIFF PADGETT
## (for actions of DETENTION DEPUTY TYLER WIMBERLY)

203.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

204.   Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

205.   Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

206.   Defendant, DETENTION DEPUTY TYLER WIMBERLY, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of his employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, DETENTION DEPUTY TYLER WIMBERLY.

207.  Defendant, DETENTION DEPUTY TYLER WIMBERLY, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

208.  Defendant, DETENTION DEPUTY TYLER WIMBERLY, breached this duty in the following ways:

> a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;
>
> b.  Negligent failure to recognize suicide risk.

209.  The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

210.  Defendant, DETENTION DEPUTY TYLER WIMBERLY'S, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

211.  As a further direct and proximate result of Defendant, DETENTION DEPUTY TYLER WIMBERLY, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

212.  The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10

have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XXIII**
**WRONGFUL DEATH**
**SHERIFF PADGETT**
**(for actions of CORPORAL KARA ENGLISH)**

213. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

214. Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

215. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

216.   Defendant, CORPORAL KARA ENGLISH, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of her employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, CORPORAL KARA ENGLISH.

217.   Defendant, CORPORAL KARA ENGLISH, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

218.   Defendant, CORPORAL KARA ENGLISH, breached this duty in the following ways:

   a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;

   b.  Negligent failure to recognize suicide risk.

219.   The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

220.   Defendant, CORPORAL KARA ENGLISH's, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

221.   As a further direct and proximate result of Defendant, CORPORAL KARA ENGLISH, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

222.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XXIV
## WRONGFUL DEATH
## SHERIFF PADGETT
## (for actions of DETENTION DEPUTY LANCE LAMB)

223.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

224.   Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and

secured to them by the constitutions and the laws of the United States and the State of Florida.

225. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

226. Defendant, DETENTION DEPUTY LANCE LAMB, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of his employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, DETENTION DEPUTY LANCE LAMB.

227. Defendant, DETENTION DEPUTY LANCE LAMB, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

228. Defendant, DETENTION DEPUTY LANCE LAMB, breached this duty in the following ways:

      a. Negligent failure to conduct 15-minute checks to inmates on Close Observation;

      b. Negligent failure to recognize suicide risk.

229. The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a

foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

230.   Defendant, DETENTION DEPUTY LANCE LAMB's, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

231.   As a further direct and proximate result of Defendant, DETENTION DEPUTY LANCE LAMB, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

232.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## COUNT XXV
## WRONGFUL DEATH
## SHERIFF PADGETT
## (for actions of DETENTION DEPUTY WILLIAM CRUCE)

233. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

234. Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

235. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

236. Defendant, DETENTION DEPUTY WILLIAM CRUCE, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of his employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, DETENTION DEPUTY WILLIAM CRUCE.

237.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

238.   Defendant, DETENTION DEPUTY WILLIAM CRUCE, breached this duty in the following ways:

  a.   Negligent failure to conduct 15-minute checks to inmates on Close Observation;

  b.   Negligent failure to recognize suicide risk.

239.   The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

240.   Defendant, DETENTION DEPUTY WILLIAM CRUCE's, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

241.   As a further direct and proximate result of Defendant, DETENTION DEPUTY WILLIAM CRUCE, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

242.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10

have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XXVI**
**WRONGFUL DEATH**
**SHERIFF PADGETT**
**(for actions of CAPTAIN MARK STEPHENS)**

243. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

244. Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

245. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

246.   Defendant, CAPTAIN MARK STEPHENS, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of his employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, CAPTAIN MARK STEPHENS.

247.   Defendant, CAPTAIN MARK STEPHENS, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

248.   Defendant, CAPTAIN MARK STEPHENS, breached this duty in the following ways:

    a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;

    b.  Negligent failure to recognize suicide risk.

249.   The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

250.   Defendant, CAPTAIN MARK STEPHENS', acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

251.   As a further direct and proximate result of Defendant, CAPTAIN MARK STEPHENS, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

252.   The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XXVII**
**WRONGFUL DEATH**
**SHERIFF PADGETT**
**(for actions of LT. CHRISANN COOK)**

253.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

254.   Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and

secured to them by the constitutions and the laws of the United States and the State of Florida.

255. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

256. Defendant, LT. CHRISANN COOK, was at all relevant times an employee of the Taylor County Sheriff's Department and was acting within the scope of her employment during the time of the incident. Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendant, LT. CHRISANN COOK.

257. Defendant, LT. CHRISANN COOK, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

258. Defendant, LT. CHRISANN COOK, breached this duty in the following ways:

  a. Negligent failure to conduct 15-minute checks to inmates on Close Observation;

  b. Negligent failure to recognize suicide risk.

259. The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a

foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

260.  Defendant, LT. CHRISANN COOK's, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

261.  As a further direct and proximate result of Defendant, SGT. CHRISTOPHER DILLE, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

262.  The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr.  Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

**COUNT XXVIII**
**WRONGFUL DEATH**
**SHERIFF PADGETT**
**(for actions of UNNAMED DETENTION DEPUTIES)**

263.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-30 and further alleges:

264. Defendant, SHERIFF PADGETT, by and through its employees, is under a duty to run policing activities and jail facilities in a lawful manner so as to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

265. Pursuant to § 768.28, Florida Statutes, Defendant, SHERIFF PADGETT, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Taylor County Sheriff's Department while acting within the scope of their employment.

266. Defendants, UNNAMED DETENTION DEPUTIES, were at all relevant times employees of the Taylor County Sheriff's Department and were acting within the scope of their employment during the time of the incident. Defendants, UNNAMED DETENTION DEPUTIES, were responsible for the 15-minute welfare checks of Mr. Reaves. Some of these defendants are identified by initials on the attached Observation Logs (Exhibit A: Close Observation Logs, Exhibit B: C POD Logs and Exhibit C: Main Control Logs) which reveals numerous persons to be identified through discovery that were involved in the process designed to keep Mr. Reaves safe but which failed miserably.

267.    Therefore, Defendant, SHERIFF PADGETT, is liable for the death of Mr. Reaves, which was caused by Defendants, UNNAMED DETENTION DEPUTIES.

268. Defendants, UNNAMED DETENTION DEPUTIES, owed Mr. Reaves a non-delegable duty to use reasonable care to ensure his mental health well-being and safety.

269.    Defendants, UNNAMED DETENTION DEPUTIES, breached this duty in the following ways:

 a.  Negligent failure to conduct 15-minute checks to inmates on Close Observation;

 b.  Negligent failure to recognize suicide risk.

270.    The failure to properly observe and check on Mr. Reaves, who was on Close Observation at the time of his untimely death, placed Mr. Reaves in a foreseeable exposure to danger. This act is an operational act not protected by sovereign immunity.

271. Defendants, UNNAMED DETENTION DEPUTIES, acts or omissions were a direct, proximate and legal cause of the death of Mr. Reaves on October 26, 2021.

272. As a further direct and proximate result of Defendants, UNNAMED DETENTION DEPUTIES, the Estate of ZHA'CORBE KY'BREUN REAVES has incurred medical and funeral expenses.

273. The Estate of ZHA'CORBE KY'BREUN REAVES through Plaintiff, ROBERT D. HINES, ESQ., as Personal Representative of the Estate of ZHA'CORBE KY'BREUN REAVES, and the survivors listed in paragraph 10 have suffered damages including but not limited to the value of future lost support and services from the date of Mr. Reaves' death; lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury; loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury, medical expenses, funeral expenses, and other expenses related to the burial of Mr. Reaves and the administration of his Estate.

## **DAMAGES**

274. Plaintiff repeats and re-alleges all paragraphs of this Complaint and incorporates them by reference herein.

275. As a direct and proximate result of the aforementioned actions and omissions of the Defendants as outlined above, ZHA'CORBE KY'BREUN REAVES died. As a direct and proximate result of the wrongful death of ZHA'CORBE KY'BREUN REAVES, Plaintiff, ROBERT D. HINES, ESQ., suffered damages. Plaintiff, ROBERT D. HINES, ESQ., seeks recovery from the

Defendants of all damages to which he may be entitled under state and federal law for the injuries and damages to ZHA'CORBE KY'BREUN REAVES and which include, but are not limited to, the following:

     a.  Future loss of support and services;

     b.  lost parental companionship, instruction, and guidance

     c.  loss of the decedent's companionship and protection

     d.  Mental pain and suffering;

     e.  Medical and funeral expenses connected to the death of ZHA'CORBE KY'BREUN REAVES;

     f.  Loss of prospective net accumulations of the Estate;

     g.  Punitive Damages for Counts I-XVIII;

     h.  Post-Judgment Interest;

     i.  Statutory and Discretionary Costs;

     j.  Attorney's fees where permitted by statute or contract;

     k.  All such further relief, both general and specific, to which he may be entitled under the premises.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ROBERT D. HINES, ESQ., requests a trial by jury on all issues so triable.

Dated: November 28, 2023

Respectfully Submitted,

 /s/ Michael P. Maddux
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
Michael P. Maddux, PA
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com